UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERNARD LYNN LAMPLEY,
    Plaintiff,

    v.

CITY OF LOS ANGELES,
    Defendant.

Case No. 14-cv-03503-JSC

**ORDER OF TRANSFER**

Re: Dkt. No. 2

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983.[1] Plaintiff complains that officers of the Los Angeles Police Department conspired with prosecutors with the Los Angeles District Attorney's Office to falsify evidence that led to his conviction in Los Angeles County Superior Court.

    When, as here, jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a).

    Plaintiff's allegations arise out of events occurring in Los Angeles and the defendants are located there. Los Angeles County is within the venue of the United States

---

[1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 1.)

United States District Court
Northern District of California

District Court for the Central District of California.  *See* 28 U.S.C. § 84.  Moreover, to the extent Plaintiff's claims must be brought in a habeas petition because he seeks to invalidate his conviction and be released from custody, *see Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (habeas is remedy for prisoner who seeks immediate or speedier release from confinement), the proper venue for such a petition is the district of his conviction, *see Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993), which in this case is also the Central District of California.

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the United States District Court for the Central District of California.

The Clerk of the Court shall transfer this matter forthwith.  In light of this transfer, the Court defers to the Central District for ruling on the application to proceed in forma pauperis.  The Clerk shall terminate docket number 2 from this Court's docket.

**IT IS SO ORDERED.**

Dated: August 19, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE